No. 35,715

C. I. T. CORPORATION, *Appellant*, v. INES O. FORSTER, *Appellee*.

(133 P. 2d 129)

Opinion filed January 23, 1943.

*Vincent F. Hiebsch,* of Wichita, argued the cause, and *William J. Wertz, Milton Zacharias* and *Garner E. Shriver,* all of Wichita, were on the briefs for the appellant.

*Kenneth K. Cox,* of Wichita, argued the cause for the appellee.

The opinion of the court was delivered by

HOCH, J.: This was an action in replevin to recover possession of an automobile. No final judgment was entered, the jury being unable to agree. Review of certain adverse rulings is sought by the plaintiff.

No final judgment having been entered in the court below, we are met at the outset with the question of whether the orders complained of are appealable. In the notice of appeal and the specifications of error the appellant complains of orders overruling, (*a*) a demurrer to the defendant's evidence; (*b*) a motion for a directed verdict, and (*c*) a motion for judgment on the evidence. In its brief the appellant urges only (*b*) and (*c*) above and apparently abandons its contention (*a*) that the court erred in overruling its demurrer to the defendant's evidence.

As to the orders overruling the motion for a directed verdict and the motion "for judgment upon the evidence" it is clear that they are not appealable, unless it be on the possible ground that the motions were tantamount to demurrers. Both were trial motions and neither of the orders overruling them was a final order within the meaning of the statutes which provide for appeals to this court. (G. S. 1935, 60-3302, 60-3303.) Neither order is specifically made appealable by statute, and neither one was an order which "determines the action and prevents a judgment." We need not consider whether either of those two orders was equivalent to a demurrer, since the appellant does not so contend, and for the further reason that there had already been an order overruling a demurrer to evidence. While we would perhaps be justified in treating as abandoned the alleged error in overruling the demurrer to defendant's evidence, we will consider it. Is such order appealable under section 60-3302, *second*, of the code, which makes appealable an order "that sustains or *overrules* a demurrer?" The answer will depend upon the meaning and intent of the term "demurrer" as there used in the code. Unless the instant pleading falls within such meaning and intent its mere designation as a "demurrer" is unavailing to make appealable the order overruling it. The character and significance of a general demurrer are well understood. It challenges the sufficiency of the adversary's allegations or evidence —admitted and construed most favorably to the opposing party— to establish his cause of action or defense. It tests whether it is necessary for the pleader to plead or proceed further. The instant pleading being designated "demurrer" to defendant's evidence, we now turn to the specific provision of the code relating to demurrers to evidence. It is G. S. 1935, 60-2909, *third*, reading as follows:

"The party on whom rests the burden of the issues must first produce his evidence; after he has closed his evidence the adverse party may interpose and file a demurrer thereto, upon the ground that no cause of action or defense is proved. If the court shall sustain the demurrer, such judgment shall be rendered for the party demurring as the state of the pleadings or the proof shall demand. If the demurrer be overruled, the adverse party will then produce his evidence."

The function of a demurrer to evidence is thus clearly defined— in line with the general definitions above stated. It is a pleading made available for use *against the party upon whom rests the burden* of establishing a cause of action or a defense. The term "demurrer"

as used in 60-3302 cannot be expanded to include pleadings of a character and effect different from those so denominated in the code itself.

This brings us to the question of where the burden of proof rested. Unless the burden rested upon defendant it follows from what has been said above that the order overruling the pleading designated "demurrer" is not appealable.

Plaintiff, a finance company, claimed special ownership and right of possession of the automobile, a Chrysler, under the terms of a purchase-money mortgage, which it held by assignment from the original mortgagee. The automobile was held by the defendant, Ines O. Forster, under levy of execution to satisfy an alimony judgment against her former husband, Paul J. Forster. Plaintiff's case was predicated upon ownership of the car by the Forster Manufacturing Company rather than by Paul J. Forster. In its petition the plaintiff set up a copy of the mortgage which purported to be signed "Forster Manufacturing Company by Paul J. Forster" as purchaser of the car; alleged default in payment and refusal of defendant to deliver possession after demand. In her answer the defendant denied generally the allegations of the petition and denied specifically the execution of the mortgage. The reply was a general denial.

In harmony with the general rule in civil actions the plaintiff in a replevin action must establish his title and right to possession by a preponderance of the evidence. (54 C. J. 545; 23 R. C. L. 935.)

In the instant action the burden was upon the plaintiff to establish by preponderance of the evidence all the material facts put in issue by the pleadings—purchase of the car by and for the Forster Manufacturing Company, execution of the mortgage, default in payment of the debt and wrongful detention of the car by the defendant. An alleged facsimile of the mortgage was introduced and a witness testified that it was executed in his presence. On cross-examination this witness testified that a Plymouth station wagon was traded in as part payment on the Chrysler; that the title certificate to the Plymouth was signed, when the deal was consummated, by "Paul J. Forster" (not Forster Manufacturing Company). Another witness testified that the debt was in default. Clearly the burden of proof did not shift to the defendant upon completion of this evidence. All these matters were in issue under the pleadings, and defendant was

yet to be heard. The defendant introduced evidence to the effect that certificate of title to the Chrysler, on file in the office of the secretary of state, of Missouri, showed assignment from the prior owner to "Paul J. Forster," and that the date of such assignment was July 19, 1941; that the application for the certificate as first recorded showed only "Paul J. Forster" as applicant, but that on request of Paul J. Forster's father, and in harmony with a letter to the secretary of state by the seller of the car—the letter being dated November 18, 1941, four months after the sale was made—the title registration was changed from "Paul J. Forster" to "Forster Manufacturing Company by Paul J. Forster." Other evidence, which included considerable testimony which tended to support plaintiff's contention that the car was bought for the Forster Manufacturing Company instead of for Paul J. Forster need not be recited. All this was for the jury, and we find nothing in the record upon which to hold that the burden of proof was not still upon the plaintiff when it "demurred" to defendant's evidence. Nor does the record disclose that the jury was instructed that as the issue stood at the close of the evidence the burden of proof rested upon the defendant, nor that the plaintiff asked any such instruction. The burden of proof being upon the plaintiff, we must conclude that plaintiff's "demurrer" to defendant's evidence was not a demurrer within the meaning of G. S. 1935, 60-3302, *second,* and 60-2909, *third,* supra. It follows that the order overruling it is not appealable and that the appeal must be dismissed for want of jurisdiction. It is so ordered.

PARKER, J., not participating.